Good morning, your honors. May it please the court, my name is Erica Vejar and I represent the petitioner in this case. This is the first time that I present oral arguments before this court. It's a privilege and an honor to be here. I took over this case from petitioner's former counsel when he became an immigration judge, but I am familiar with the case, with the law, and I stand here before this court to ask the court to find that this court has jurisdiction to hear this case. Your honors... Welcome and congratulations to your colleague. Thank you, thank you. Your honors, it is the date of service of the notice of intent to issue a final administrative order and not the date that it was prepared that should control in this particular process. I would also ask the court to find that the agency violated its own regulations under H.C.F.R. 238 when it prepared the notice of intent to issue the final administrative order on October 24, 2016, did not serve it on the petitioner, prepared the final administrative order on the same day, October 24, 2016, signed it on October 26, 2016, and served both documents on the petitioner on October 31, 2016. By doing so, the petitioner was prevented from challenging the immigration officer's finding that placing the petitioner in 238 proceedings was appropriate by concluding erroneously that the petitioner was an aggravated felon. I would also ask the court to... So he didn't have his 10 days. Correct. He didn't have his 10 days. So the record at AR 6 shows the notice of intent to file the administrative order, which was prepared October 24, and it indicates that it was served on the 31st on AR... Let me ask you this, counsel. Let's assume that we agree with you that there's jurisdiction in this case and that exhaustion is not a problem because these claims are legal in nature. What prejudice did he suffer? He suffered the prejudice of having the 10-day period to present rebuttal to the finding that he's an aggravated felon. He does have a conviction under California Penal Code Section 245A4, but this court has not ruled on whether or not Section 245A4 constitutes a crime of violence, thus an aggravated felony. The BIA has not ruled on the issue. This is a novel issue for this court, and the immigration officer concluded... But he'd have to still apply for some sort of relief, right? I don't see the indication that he would have applied for withholding of removal, that there was a fear of being referred or being removed back to Guatemala. Petitioners, he was prevented from presenting those forms of relief by not having the 10-day period. When he was served with both the documents on October 31st, he was essentially then in the mode of challenging before this court because his 10-day period to rebut, to tell the officer, you're making a mistake under the law. I'm not an aggravated felon. Don't place me under 238 proceedings. Place me under 240 proceedings so I can apply for relief. The record... The petitioner is a derivative NACARA applicant. His mother was granted NACARA when he was a minor. He is also the beneficiary of an approved I-130 petition filed by his now legal permanent... Now she's a U.S. citizen mother, so he could have sought NACARA relief under the heightened standard based on his criminal history, but nevertheless, he appears prima facie eligible. And... So, excuse me, this is Judge Schroeder. Yes, Your Honor. The problem I'm having here is that he didn't accept service. He refused to sign. So that that's... And the government says that's why he didn't have the opportunity to object because he refused service. And so they, having tried to serve it, they then went ahead and ordered him removed. What... Your Honor... Yeah, what do we do with that? I believe it... With all due respect to the government and to this court as well, I believe that that's a disingenuous argument. The petitioner was placed in a position where he is presented with two documents. One is the intent to issue the final administrative order, and the other one is the final order. So even if he refused to accept service, those two documents were already... Had already been prepared, signed, and the actual opportunity to challenge those findings was circumvented by filing or presenting or giving those documents together to the petitioner on the same day. The spirit of the law was not followed. The regulations allow for a 10-day period for the petitioner to opt to present a rebuttal and the government's argument that, well, he refused to sign and so what are we supposed to do, should not... Should not be used to circumvent the government's own regulations or having to follow those regulations. So your position is that he got the two documents at the same time and that's what prevented him from making his objection? Well, my argument is that when the final order was issued, he was... He was not prepared to... They took away his 10 days. The 10 days commenced with the issuance of the intent to issue the final administrative order. But by preparing both documents, so essentially the government prepared the intent, here we're intending to file a final order, but here is the final order. So essentially, the petitioner did not have a meaningful opportunity to file to present a defense and to get an administrative record before this court for a proper adjudication of his case. So what do you want us to do? So I'm requesting that the court remand... I believe it's appropriate to remand to the agency with a special instruction urging the agency to exercise... To determine or to contemplate placing the petitioner in 240 proceedings or to at least under 238 allow him the 10 day period to present rebuttals and to demonstrate that Section 245A.4 does not constitute a crime of violence. That he is not the individual... It's not appropriate to place him in Section 238 proceedings and instead place him under 240 proceedings. I believe that the record needs to be developed at the agency level. There has to be a meaningful determination of whether or not the petitioner is an aggravated felon. That determination was cursory. It was made by an immigration officer with the authority to do so, but there was no... Excuse me. Go ahead, Your Honor. Let me ask you though, what happens if he... It is determined that he's an aggravated felon, either by us or by the agency. Is that the end of his opportunity to obtain any other relief? Your Honor, no. I believe that if a determination is made that he is an aggravated felon, he still should be provided an opportunity to seek withholding of removal. Even an individual with a final order, with a final administrative order under the asylum laws is eligible to seek protection under the Withholding of Removal or Convention Against Torture statute. Would it be a problem for him that he stated that he had no fear of persecution or torture should he be removed to the country of citizenship? I'm looking at AR-5. Your Honor, I don't believe that the reasonable fear interview was conducted. There are different steps in determining whether or not a person fears persecution. If it's a cursory statement, do you fear relief? And the answer is no. I believe that with the development, more deep questioning of a petitioner, the assessment or the determination of whether that person has a credible or reasonable fear of persecution must be assessed. I do see in immigration proceedings where a question is asked just by not an asylum officer, perhaps an ICE officer, and then if the person later determines or requests a reasonable fear interview, then the file is then transferred to the asylum office for an asylum officer with experience to conduct a thorough interview of the petitioner. To assert the claim? I'm sorry, yes, to assert the claim. All right, I see you're over time, but I'll put a couple of minutes back on the clock for rebuttal. Thank you. I appreciate it, Your Honor. Good morning, Your Honors, and may it please the Court. Attorney Salvatino F. Leo on behalf of the United States Attorney General. The Attorney General feels in this particular case that this Court is without jurisdiction in light of petitioner's failure to file a petition for review with this Court within 30 days of the final order of removal. I think what's important to recognize here, and my sister counsel had mentioned the notice of intent and the dates on the notice of intent. The notice of intent is irrelevant for purposes of the petition for review because one cannot file a petition for review off of a notice of intent because a notice of intent is not a final order of removal, thereby rendering jurisdiction to this Court. Yes, Your Honor. Did the government comply with its own regulations and procedures in this case by serving the notice of intent at the same time as the final order of removal? I think as Your Honors and Judge Schroeder had recognized that specifically in this particular case, we have an individual that upon detention by ICE officers specifically indicates no fear of persecution for torture, harm, if removed to Guatemala. Subsequently, attempting to be served with the notice of intent refuses service, refuses acknowledgment of same. And as a result, that is interpreting, in essence, a waiver of anything if you really stick to what, in fact, occurred in this particular case factually. So you have these documents that have been prepared. These documents have been prepared based upon their initial encounter of this particular petitioner. A case that stands for the proposition that refusal to acknowledge the service constitutes a waiver of substantive rights? I do not for purposes of 238 or a waiver of these particular rights that you're saying, these rights particularly under Section 238. But I will invite the Court's attention to our brief where it talks about an individual's refusal to respond or refusal to acknowledge can be deemed, right, remember, this is not a criminal proceeding. This is a civil proceeding, can be held against them in that particular context. And as a result, I think that's what these ICE officers did here. You had a pickup on October 24, 2016. You saw the factual record develop that this individual is an aggravated felon for his conviction. He indicates no fear of persecution, no fear of harm or future harm to be returned to Guatemala. As a result, the ICE agents looked at it and said, okay, this is effectively a 238 expedited removal case. And as a result, we're going to prepare the paperwork, which they did. This is why the dates are the same on the final approval. Counsel, this is Judge Simon. I have three related questions for you. First, how is this case different from the case of United States versus Gonzales decided by the Ninth Circuit in 2017, in which the government conceded that essentially the same thing that happened here, namely receiving the notice of intent and the final administrative removal at the time, error in which the government conceded error in that case? How is this case any different? I think if my recollection does not fail me for purposes of United States versus Gonzales, the concession in that particular case is that here you have an outright refusal of service and acknowledgment of same. And that, I think, is the distinguishing factor here. If there was not a refusal, if he caused the storm at that service of that notice of intent and the referral on that same day and said, what are you talking about? I'm not an aggravated felon. I don't think we'd ever be here because I think there subsequently would have been a further determination, which you've taken it. And I think that in and of itself is what makes this particular case distinct for purposes of the service of the faro. I think you make too much of the refusal to sign the document. I understand why you would make such an argument, but he was placed in a position where he quite possibly wanted to figure out what he was going to do. And if I were to infer anything from that, given that he's challenging it now, he could have been thinking, well, I don't want to give away any rights. I'm not going to sign anything right now. Statutorily, he's entitled to have ten days to figure that out. And so what the government did is the government cut short that ten days. And so now you're saying, well, I'm entitled to cut short that ten days because I'm going to construe his refusal to sign as an affirmative waiver of rights. And I think that's too novel. I don't find support for that, either from a kind of common sense perspective or, frankly, anywhere in the case law. No, and I understand the dishonest concern with regard to the timing here, but I think what we have to realize is where we are in these expedited removal proceedings. And the regulation calls for ten days, but the regulations also call for under 8 CFR Section 238.1, I believe it's D, that if there's any concessions made that the immigration officer, in this And I think what was construed here and what transpired here is that this individual has no effective relief available. And to my, and I defer to, and I understand my counsel, my sister counsel's position here with regard to the potentialities, right? He has no right to a 240 proceeding. Withholding. He, as your Honor recognized in the documents, once he is encountered by I-213, once he was he specifically said he had no fear. Now, if he was, if he did indicate a fear for purposes of withholding or protection under the Convention Against Torture, then there would be a reasonable fear interview conducted. And that reasonable fear interview conducted, depending upon the decision in that particular case, could have been reviewed by an IJ or it could have been pushed up to an IJ. But as this Court recognized in Calderon-Segura, which I think is an equal protection challenge, these proceedings are constitutional. So this is within the discretion of the Attorney General to conduct these proceedings. And what is clear, and I think moreover to sort of your questioning previously, really, is if we really take this ball further, is what is the prejudice here? I think the case law is clear in this circuit that 245, aggravated assault, A1 through 4, is a crime of violence for purposes of 18 U.S.C. Section 16A. I don't think there's a dispute there. If he's an aggravated felon, then he's not entitled to discretionary relief. Not only is he... He's trying to argue, he's trying to argue that he should not be treated as an aggravated felon because California law hasn't decided that that statute makes him an aggravated felon. But I take it your position is that doesn't matter. No, I'm not sure, Your Honor, and frankly I agree, but I don't think it doesn't matter. I think what's clear based upon our reading of the case law in this particular circuit dating back to Grajeda, which was under a prior version of 245, talked about aggravated assault and aggravated assaults being crimes of violence for purposes of 18 U.S.C. Section 16, and that decision has been repeatedly affirmed in Valdivinos and Jimenez-Azarte talking about force likely to produce great bodily injury. Remember, California Penal Code has a simple assault provision, Section 240. Now, if he had been convicted under Section 240, I may say arguably there's a decision or a determination or a novel legal issue here for purposes of the aggravated felony conviction. But I think here what's clear and what this Court has thrust upon me on numerous occasions is that the Board in Immigration Appeals doesn't deal with California law. That's not one of the statutes that they interpret for purposes of deference and the like. And what I'm bringing to this Court is that we have what's unequivocally clear an aggravated felon, and 238 allows the Attorney General in this position to say, you're not entitled to any discretionary relief. You may request withholding or protection of the Convention against torture, but you never did, you never brought it forward. Not only that, when you were first encountered, you indicated quite the opposite, that you had no reasonable fear, any fear of harm if you were returned to Guatemala. And I think what is more appropriate is that this idea that I think that Sister Counsel is suggesting is that he deserves or this must be determined before an immigration judge, and I think that's what Calderon-Segura specifically kind of came up and said, these proceedings are okay. And if we recall in their opening brief, Petitioner's opening brief, they attempted to challenge 8 CFR Section 238 by arguing that these deciding officers are committing extrajudicial acts and would have problems with that, and we have problems with that. And I think Calderon-Segura, flat on his face, says it. So I think we're really in a situation here where, you know, step back for a moment, that I firmly believe, like, really, the 1252, stepping back for purposes of jurisdiction, 30 days from the final order of removal. And the final order of removal here is dated October 26, 2016. Never been contested. PFR was filed outside that time frame. Wasn't the final order of removal that you're referring to, October 26, isn't that before the Petitioner was even given his notice of intent or actually handed a copy of the final order of removal? That was on October 31, right? Well, the... So is it your position that, in fact, you can date a final order of removal on October 1, let's say, for example, wait your 30 days, and then on October 31, hand the Petitioner simultaneously a notice of intent and a final order of removal, and then, even if they appeal the next day, say, sorry, your 30 days have run? That cannot be right. I think those, I think in those particular facts, when you're suggesting, perhaps, malfeasance on the part of the agency with an intent to deprive an individual from jurisdiction of this court, but I think what happens every day in the cases that I see every day is that you have a board decision dated one day. It's subsequently mailed. That is not received by the Iliad or Iliad's counsel for three, four, or five days later. It does not begin at the time of that service, but according to the statute, it begins at the date of that order. I think that situation is analogous here, coupled with, I think we have an interesting set of facts here with regard to the refusal to acknowledge service in the same. In light of that, I think that's, and I agree that your analysis there, obviously, with regard to the purpose of taking jurisdiction away from this individual, from this court, is a problem, but I think it behooves us as the Attorney General to follow the statute here, which really says 30 days from the date of the final order of removal, and this particular case is October 26, 2016. This is Judge Trotter. I take it if we were to disagree with you on the jurisdictional argument, that your position is that on the merits with respect to the issues that are raised in the brief, that they're without merit. Oh, yes, Your Honor. I think at the very end, if this court were to entertain this position in assuming jurisdiction without conceding such, that I think it's clear from this court's case law that the government complied with 8 CFR Section 238. He is an aggravated felon under this court's case law, as well as California Penal Code, and as an aggravated felon, he's not entitled to any discretionary determination, discretionary relief by the Attorney General, only withholding or protection under the Convention Against Torture, and in this particular case, he denied saying once encountered by ICE officials, and as a result, it would, for purposes of this court, even considering or entertaining a remand, which I would not want to happen, of course, there's really nothing, right? There's nothing to do, because he's an aggravated felon and he's done, and his relief is over, and he's now subject to the expedited removal proceedings. All right. You're over time, but let me see if Judge Simon or Judge Trotter on the phone have any additional questions. Judge Simon? I do not. Judge Trotter? No. All right. Thank you, counsel. Well, thank you, Your Honors. I sincerely appreciate your time. Thank you, Your Honors. I appreciate the opportunity. If we were to agree with the government that a refusal to acknowledge service strips away a petitioner from any meaningful opportunity to challenge his claim before this court, then Section 238, the section that provides a 10-day period, would be meaningless. Here, we have the two documents prepared. In fact, they were prepared the same day. They're dated October 24th. The final notice was signed on the 26th, but both of them were served on the 31st. So I would request that the court take those facts to heart and find that this court has jurisdiction to review. Also, if we prevent a petitioner from using those 10-day periods to challenge a legal issue, which is, am I or am I not an aggravated felon, is Section 245A.4 a crime of violence? If we simply give the authority, so I'm not saying that Section 238 is unconstitutional. I am saying it was inappropriately applied. It was not applied within the spirit of the case. I'm saying that there was a procedural defect that has prevented the petitioner from one, arguing and presenting legal arguments to show that under this court's precedent and the BIA and under California law, there has not been a determination that clearly establishes that Section 245A.4 constitutes a crime of violence. Thank you, Your Honor. Thank you very much, counsel, for both sides for your arguments today. The matter is submitted for a decision by the court and we're adjourned.
judges: Schroeder, Nguyen, Simon